UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MICHAEL C. MANOSH,

                                Plaintiff,

       v.                                                    6:18-CV-717 (TJM/ATB)

GUARDS STATE OFFICE BUILDING,

                                Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MICHAEL C. MANOSH
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Michael C. Manosh. (Dkt. Nos. 1, 2).

    Plaintiff has filed his complaint, using a form for civil rights actions, brought pursuant to 42 U.S.C. § 1983. (Complaint ("Compl.") (Dkt. No. 1). In his complaint, plaintiff alleges that the "Guards" at the State Office Building in Utica, New York would not give him "access to" the building for "reasons unknown." (Compl. ¶ 4). Plaintiff also states that one of the guards "assausted [sic]" him, threw plaintiff's Military Police badge on the sidewalk, and pushed him outside the door. (*Id.*) Plaintiff states that this is "Treason!" (*Id.*) Plaintiff claims that he is "asking the Court System for 30 million dollar[s]" from the "State Comptroller" because of the "treason."

**I.**    **IFP Application**

    The court may authorize "the commencement, prosecution or defense of any suit . . . without prepayment of fees . . ." by an individual who submits an affidavit showing

that he or she is "unable to pay such fee . . . ." 28 U.S.C. § 1915(a)(1). The cost for filing an action in the Northern District of New York is $450.00. In the affidavit submitted by plaintiff in this action, he states that he is employed, but seems to estimate that he receives only 10% of the money that he earns. He does not explain the reason for this low percentage. (Dkt. No. 2). Plaintiff also states that he has $4000.00 in the bank, and that he supports his wife of 25 years, but that he is "debt free." (*Id.* at 2).

Unfortunately, with steady employment and $4000 in the bank, this court finds that plaintiff is not financially eligible to proceed without the payment of fees. If the plaintiff wishes this case to proceed, he must pay the $450.00 filing fee and will also be responsible for other fees that he may incur in this action, including copying and/or witness fees.[1]

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S.

---

[1] Plaintiff would have been responsible for the copying and/or witness fees even if the court granted his IFP application.

at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II.   Section 1983**

    **A.   Generally**

Section 1983 provides, in relevant part, that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 itself does not create substantive rights, rather, it provides a "'method for vindicating federal rights elsewhere conferred.'" *Fiedler v.*

3

*Incandela*, 222 F. Supp. 3d 141, 156 (E.D.N.Y. 2016) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In order to state a claim under section 1983, the plaintiff must allege the deprivation of rights, privileges, or immunities secured by the Constitution or other laws, committed by a person acting under color of state law. *Id.* (quoting *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011).

Plaintiff in this case has filed his complaint on a form that is used for claims brought under 42 U.S.C. § 1983, but he has cited no constitutional or statutory bases for jurisdiction. The court will review plaintiff's complaint to determine what claims he could possibly be attempting to bring and turn to a consideration of the plaintiff's complaint under the above standards.[2]

### B. Color of State Law

#### 1. Legal Standards

In order to state a claim under section 1983, plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does ***not*** reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

---

[2] Pro se complaints are interpreted liberally to raise the strongest arguments that they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## 2. Application

In his complaint, plaintiff states that three unnamed guards prevented him from getting access to the State Office Building on an unspecified date. Although the court could assume for purposes of initial review, that these guards act under color of state law because they work at the State Office Building,[3] plaintiff must still identify the individuals and when they allegedly engaged in the conduct that plaintiff claims violated his constitutional rights. It would be impossible to serve the defendants (whether plaintiff was responsible for serving the summons and complaint or whether the Marshal is performing service)[4] if plaintiff does not name the individuals or indicate when they took the allegedly unconstitutional actions.[5]

## C. Treason

### 1. Legal Standards

The crime of Treason consists of two elements: "adherence to the enemy; and rendering him aid and comfort." *Epton v. New York*, 390 U.S. 29, 31-32 (1968). *See* 18 U.S.C. §§ 2381, 2382 (treason and misprision of treason). Although there are criminal

---

[3] If the officers are employed by the State of New York, then they would act under color of state law even if they were private security officers employed by the state to police the State Office Building. *See e.g. Faiaz v. Colgate Univ.*, 64 F. Supp. 2d 336, 347-52 (N.D.N.Y. 2014) (discussing private security officers deemed to act under color of state law). *See also Artemov v. Ramos*, No. 18-CV-2537, 2018 WL 2121595, at *3 (E.D.N.Y. June 8, 2018) (private security force that has been deputized by New York City Police Department acted under color of state law).

[4] As stated above, plaintiff does not meet the financial criteria for IFP status, thus, if the complaint were to go forward, plaintiff would be responsible for service of the summons and complaint on the defendants.

[5] Assuming that defendants did act under color of state law, if plaintiff does not specify the date of the allegedly unconstitutional conduct, it is also impossible to determine if he has brought this action within the three-year statute of limitations applicable to section 1983 actions. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). See N.Y. Civ. Prac. L & R. § 214(5).

statutes prohibiting Treason, there is no private right of action for Treason under the law. *Corrado v. New York Office of Temporary Disability and Assistance*, No. 15-CV-7316, 2016 WL 3181128 at *5 (E.D.N.Y. June 2, 2016) (citing *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (citation omitted) (dismissing claims for treason and misprision of treason under 18 U.S.C. §§ 2381 and 2382, respectively, because statutes do not provide private right of action)). This means that a private individual may not bring an action against a defendant based on a claim that the defendant committed Treason.

### 2.     Application

In this case, plaintiff states that on an unknown date, three guards at the State Office Building in Utica, New York told plaintiff that he could not have access to the building, but gave him no reason for this restriction. (Compl. ¶ 4). He also claims that one of the guards "assausted [sic]" him. It is unclear whether plaintiff means "assaulted" or "accosted," but it appears that the interaction only involved throwing plaintiff's "military police badge" on the sidewalk and pushing him out the door.

Although plaintiff states the defendants' conduct is "Treason," clearly that is not the proper cause of action. As stated above, an individual plaintiff has no private right of action to enforce the criminal Treason statutes, thus, plaintiff may not base his claims against the defendants on his allegation that their actions constituted "Treason."

In addition, plaintiff does not even state facts that would remotely fit into the definition of Treason. It is unclear how failing to allow plaintiff access to the State Office Building, throwing his military police badge on the sidewalk, or pushing

plaintiff out the door would constitute "adherence" to the "enemy" or rendering the "enemy" aid and comfort. Plaintiff does not even identify an enemy. Thus, to the extent that the plaintiff is relying on "Treason," his complaint may be dismissed ***with prejudice*** even if he pays the filing fee.

### D. Excessive Force (Fourth/Fourteenth Amendment)

#### 1. Legal Standards

Assuming that the individual defendants acted under color of state law, the officers' application of force is excessive if "it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Shaheed v. City of New York*, 287 F. Supp. 3d 438, 452-53 (S.D.N.Y. 2018) (quoting *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004)). The analysis involves determining the need for the application of force, the relationship between the need for, and the amount of force used, the extent of the injury, and whether the force was applied in a good faith effort to maintain or restore discipline or sadistically for the purpose of causing harm. *Id.* (citing *Figueroa v. Mazza*, 825 F.3d 89, 105 (2d Cir. 2016) (quoting *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 251–52 (2d Cir. 2001)). Not "every push or shove, even if it might later seem unnecessary, violates a plaintiff's constitutional rights. *Id.* (citations omitted).

#### 2. Application

Plaintiff might be attempting to allege that the guards used excessive force, when he states that one of them "assausted [sic]" him. However, plaintiff alleges only that his Military Police Badge was thrown on the sidewalk and he was "pushed" outside.

Plaintiff alleges absolutely no other "assault" and alleges no injury as a result of the defendant's alleged actions. Thus, to the extent that plaintiff's complaint could be interpreted to allege excessive force, he fails to state a claim. At most he alleges that his badge was thrown to the ground and that he was "pushed" out the door. These facts do not allege force that was "objectively unreasonable" in any situation. The amount of "force" used appears to have been de minimis, and plaintiff alleges no injury a result. Thus, to the extent that the complaint could be interpreted to raise excessive force, this claim may be dismissed.

### E. Access to Public Buildings (Due Process/Equal Protection)

#### 1. Legal Standards

There are various types of claims that can be made regarding access to public buildings. *See Tiffany v. Village of Briarcliff Manor*, No. 95 Civ. 8335, 1997 WL 177895, at *9-11. In *Tiffany*, the court stated that an order that "singles out an individual and restricts his ability to enter the municipal building during office hours is the quintessential example of selective treatment." *Id.* at *10. Selective treatment is part of an equal protection claim. *Id.* The *Tiffany* court also discussed first amendment, and procedural and substantive due process bases for entry to municipal buildings because the plaintiff in *Tiffany* was arrested after he attempted to enter the public building from which he had been barred. *Id.* at *9-11.

#### 2. Application

Plaintiff's complaint in this action merely states that he was denied access to the building "because of reasons unknown." Plaintiff has not stated why he wished to enter

the building, nor has he stated any other facts surrounding the incident. It is not clear that the defendant "guards" were the individuals who determined that plaintiff could not enter the building. The court notes that personal involvement in the constitutional violation is a prerequisite to liability under section 1983. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). As it is written, the complaint is too vague to state a claim because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678.

## III.   Opportunity to Amend

### A.   Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.   Application

To the extent that plaintiff is attempting to charge the defendants with Treason through this, or any other, civil action, the complaint may be dismissed ***with prejudice***. In addition, although the court has serious doubts about the viability of this complaint, the court will recommend dismissal without prejudice to plaintiff amending his complaint to better identify[6] the guards involved, clarify the facts surrounding the incident, and specify the date of the alleged conduct so that the court may determine if

---

[6] Although plaintiff may not know the exact names of the guards involved, if he chooses to amend, he should at least indicate the date and time that the conduct occurred and attempt to obtain the names of the guards that were on duty.

plaintiff states any claim under section 1983.

If the court approves this recommendation, and the plaintiff does file a proposed amended complaint, plaintiff is warned that the proposed amended complaint must be a complete pleading which will supercede the original. Plaintiff may not incorporate any part of the original complaint by reference. In addition, because plaintiff does not meet the financial criteria for proceeding IFP, plaintiff **must pay the filing fee at the time he files any proposed amended complaint**.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP is **DENIED** due to plaintiff's failure to meet the financial criteria for proceeding without the payment of fees, and it is

**RECOMMENDED**, that if the court affirms this Order and adopts this Recommendation, plaintiff's cause of action for Treason be **DISMISSED WITH PREJUDICE**, and it is

**RECOMMENDED**, that if the court affirms this Order and adopts this Recommendation, plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE TO FILING AN AMENDED COMPLAINT**[7] as discussed above with respect to any viable claim other than Treason, and it is

**RECOMMENDED**, that if the court affirms this Order and adopts this Recommendation, that plaintiff be given **THIRTY (30) DAYS** from the District

---

[7] Any proposed amended complaint should be a complete pleading, which will supercede the original. Plaintiff must restate all of his claims, with the appropriate amendments, and may not incorporate any claims or statements of fact by reference to the original.

Judge's Order adopting this Recommendation, within which to amend his complaint (or ask for an extension to do so) **and** pay the filing fee for this action, and it is

**RECOMMENDED**, that if plaintiff pays the filing fee and submits an amended complaint for review, the amended complaint be returned to me for further proceedings, and it is

**RECOMMENDED**, that if plaintiff fails to pay the fee and submit an amended complaint (or ask for an extension of time to do so), that this action be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 21, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge